NOT FOR PUBLICATION                                    (Docket Nos. 3, 10)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

—————————————————————     :
                                        :
GREGORY LASKY,                          :
                                        :
                    Plaintiff,          :        Civil No. 09-4338 (RBK/KMW)
                                        :
          v.                            :        **OPINION**
                                        :
CAMDEN COUNTY, et al.,                  :
                                        :
                    Defendants.         :
—————————————————————     :

**KUGLER**, United States District Judge:

          This matter comes before the Court on a motion by Defendant City of Camden to dismiss

the Complaint of Plaintiff Gregory Lasky for failure to state a claim upon which relief can be

granted.[1]  The Complaint alleges violations of the Americans With Disabilities Act ("ADA"), 42

U.S.C. § 12101, et seq., and the New Jersey Law Against Discrimination ("LAD"), N.J. Stat.

Ann. § 10:5-1, et seq.  For the reasons expressed below, the Court will deny the City of

Camden's motion to dismiss, but will order Mr. Lasky to file an amended complaint in

conformity with this Opinion.

_____

          [1] Also before the Court is Plaintiffs' motion for leave to file an untimely opposition brief
to the City of Camden's motion to dismiss.  Although Mr. Lasky filed his opposition brief
several weeks late, the City of Camden did not properly note the motion day on the cover page to
its motion to dismiss.  For this reason, and because Defendants have not opposed the motion, the
Court will grant Mr. Lasky's motion and consider his untimely brief.

## I.      BACKGROUND

On July 6, 2009, Mr. Lasky and Advocates for Disabled Americans ("AFDA") filed a Complaint against Defendants the City and County of Camden in New Jersey Superior Court in Camden County.  The Complaint alleges that the City and County of Camden have discriminated against Mr. Lasky, a disabled individual residing in Broward County, Florida, by failing to remove architectural barriers that inhibit his access to various services provided by the City and County of Camden.  The Complaint states that Mr. Lasky often travels to Camden County and that, once there, frequently uses services provided by the City and County of Camden, including "the Administration Building, Courthouse, parks, streets, curb cuts, and sidewalks."  (Complaint ¶ 5.)  The Complaint further states that Mr. Lasky's access to these facilities "in regard to routes, parking, bathrooms, etc." is impaired by the failure of the City and County of Camden to comply with the ADA and LAD.  (Id. ¶ 6.)

On August, 27, 2009, the City of Camden moved to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Although Camden County answered the Complaint on September, 14, 2009, it filed a brief in support of the City's motion on September 17, 2009, arguing that AFDA did not possess the legal capacity to sue pursuant Federal Rule of Civil Procedure 17(b)(2).  On September 28, 2009, AFDA filed a stipulation of dismissal, signed by all parties, dismissing voluntarily its suit against Defendants.

## II.     STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted.  With a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In making this determination, a court must engage in a two part analysis.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Fowler, 578 F.3d at 210-11.  First, the court must separate factual allegations from legal conclusions.  Iqbal, 129 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  Second, the court must determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief."  Id. at 1950.  Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common sense."  Id.  A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible.  See id.

## III.    ANALYSIS

Defendants argue that the Court should dismiss the Complaint for failure to state a claim under Iqbal, and because Mr. Lasky lacks standing.  The Court will address each argument in turn.

### A.    Does the Complaint State a Claim?

The City of Camden appears to argue that Mr. Lasky does not state a claim because his Complaint lacks specificity.  Plaintiff indicates that the Complaint should have included (1) a description of inaccessible services sought by Mr. Lasky; (2) the owners and/or persons

3

responsible for the various locations Mr. Lasky asserts are inaccessible; (3) an explanation of

how the Defendants have impaired Mr. Lasky's ability to use Defendants' services; (4) citation to

the various provisions of the ADA and LAD that are alleged to have been violated; and (5) a

date, or range of dates, during which the conditions existed.

The Court does not agree that the Complaint suffers from all the deficiencies the City of

Camden suggests or that it fails to state a claim. Title II of the ADA prohibits discrimination in

public services.[2] The Complaint states that Mr. Lasky is unable to fully utilize various facilities

operated by the City and County of Camden, such as "the Administration Building, Courthouse,

parks, streets, curb cuts, and sidewalks" and the services provided by Defendants therein.

(Complaint ¶ 5.) These services are alleged to include "routes, parking, [and] bathrooms." (Id. ¶

6.) The Complaint makes clear that Mr. Lasky is unable to fully utilize these facilities and

services because he is disabled and the facilities do not presently conform to the requirements of

the ADA and LAD. Taken as true then, the factual allegations recited in the Complaint render

Mr. Lasky's discrimination claim plausible. Accordingly, dismissal for failure to state a claim is

inappropriate.

The Court does agree, however, that Mr. Lasky's Complaint lacks specificity.[3] On its

own initiative, a district court may order a plaintiff to provide a more definite statement of a

---

[2] 42 U.S.C. § 12132 provides, in pertinent part, that:

[N]o qualified individual with a disability shall, by reason of such disability, be
excluded from participation in or be denied the benefits of the services, programs,
or activities of a public entity, or be subjected to discrimination by such entity.

[3] Apparently, Mr. Lasky concurs that his Complaint should be re-plead with greater
specificity. (See, e.g., Pl.'s Opposition Brief at 7.)

4

pleading.  Folkman v. Roster Financial, LLC, Nos. 05-2099, 05-2242, 05-2243, 05-2244, 05-2245, 2005 WL 2000169, at * 3 n.3 (D.N.J. Aug. 16, 2005) (citing Alston v. Parker, 363 F.3d 229, 234 n.7 (3d Cir. 2004)).  A more definite statement is appropriate where the pleadings are "so vague or ambiguous that the [responding] party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  Examples of appropriate situations include those where (1) a complaint's allegations are not specific enough to enable a defendant to determine whether to interpose a waivable defense in his or her answer; (2) the defendant lacks certain information peculiarly within the knowledge of the plaintiff, without which the defendant cannot answer the complaint with a good-faith, general denial; and (3) the court finds it desirable to pare down "shotgun" pleadings to make the litigation more manageable through more controlled discovery.  Clark v. McDonald's Corp., 213 F.R.D. 198, 233 (D.N.J. 2003).

Although the Complaint succeeds in stating a claim, its vagueness renders a more definite statement appropriate.  As the Court has had previous occasion to observe, "Rule 12(e)'s raison d'etre is to require greater specificity than what is ordinarily required under Rule 8(a)(2) in that narrow class of cases where the want of specificity precludes the defendant from properly framing an answer to a legally sufficient complaint."  Id.  Obviously, there are numerous administrative buildings, courthouses, parks, sidewalks, and curbs located throughout the City and County of Camden, New Jersey.  Although Mr. Lasky presumably knows which of these are inaccessible to him, the Complaint's utter generality forces the City and County of Camden to guess.  It is not too much for Plaintiff to specify the buildings, courthouses, parks, sidewalks, and curbs he actually knows to be in violation of the ADA or LAD as this knowledge is peculiarly within his knowledge.  See id. (requiring plaintiffs to amend complaint to include identity of

5

restaurants they knew were in violation of ADA where the complaint potentially encompassed

over 3000 such restaurants).  Neither is it too much to require Mr. Lasky to indicate the dates on

which he visited the locations in question.  See id. (requiring plaintiffs to amend complaint to

include relevant dates to enable defendants to discern the availability of applicable defenses).

Accordingly, the Court shall order Plaintiff to file an amended complaint that denotes with

specificity the offending facilities and services and indicates when these facilities and services

were allegedly out of ADA and LAD compliance.

> **B.      Does Mr. Lasky Have Standing?**

The City of Camden also contends that Mr. Lasky has not pleaded standing to bring this

action.

"Standing is a threshold jurisdictional requirement, derived from the 'case or controversy'

language of Article III of the Constitution."  Pub. Interest Research Group of N.J., Inc. v.

Magnesium Elektron, Inc., 123 F.3d 111, 117 (3d Cir. 1997); see Steel Co. v. Citizens for Better

Env't, 523 U.S. 83, 102 (1998).  The party invoking federal jurisdiction bears the burden of

establishing standing "in the same way as any other matter on which the plaintiff bears the

burden of proof, i.e., with the manner and degree of evidence required at the successive stages of

the litigation."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); accord FOCUS v.

Allegheny County Court of Common Pleas, 75 F.3d 834, 838 (3d Cir. 1996).

At the pleading stage, the plaintiff must allege facts sufficient to establish his standing to

invoke the court's jurisdiction.  See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990).

Although it is the duty of the plaintiff to "clearly and specifically set forth facts sufficient to

satisfy [the] standing requirements," the level of specificity necessary to avoid dismissal for lack

of standing should not be "exaggerated."  Hosp. Council of W. Pa. v. City of Pittsburgh, 949

F.2d 83, 86–87, 88 (3d Cir. 1991).  At the pleading stage, the court may "presume that the

general allegations in the complaint [as to standing] encompass the specific facts necessary to

support those allegations."  Steel Co., 523 U.S. at 104.

The Third Circuit has articulated three requirements for standing under Article III:

> (1) the plaintiff must have suffered an injury in fact – an invasion
> of a legally protected interest which is (a) concrete and
> particularized and (b) actual or imminent, not conjectural or
> hypothetical; (2) there must be a causal connection between the
> injury and the conduct complained of – the injury has to be fairly
> traceable to the challenged action of the defendant and not the
> result of the independent action of some third party not before the
> court; and (3) it must be likely, as opposed to merely speculative,
> that the injury will be redressed by a favorable decision.

Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 484-85 (3d Cir.

1998) (citing Defenders of Wildlife, 504 U.S. at 560-61); accord Soc'y Hill Towers Owners'

Ass'n v. Rendell, 210 F.3d 168, 175-76 (3d Cir. 2000).[4]  Plaintiffs seeking prospective injunctive

relief must show a "'real and immediate threat' of injury in order to satisfy the 'injury in fact'

requirement."  Access 4 All, Inc. v. Absecon Hospitality Corp., No. 04-6060, 2006 WL 3109966,

at *5 (D.N.J. Oct. 30, 2006) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 103-04 (1983)).

As the Third Circuit has instructed, "past exposure to illegal conduct does not show a present

claim for injunctive relief . . . ."  Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987) (quoting

---

[4]  Standing also encompasses a prudential component whereby courts decline to exercise
jurisdiction over litigants attempting to assert the rights of another, claiming generalized
grievances more appropriately addressed in the representative branches, or where a litigant's
complaint falls without the zone of interests protected by the law invoked.  Allen v. Wright, 468
U.S. 737, 751 (1984).

O'Shea v. Littleton, 414 U.S. 488, 495 (1974)). Likewise, intentions to return to the source of the illegal conduct "'some day' . . . – without any description of concrete plans, or indeed even any specification of when the some day will be – do not support a finding of the" requisite actual or imminent injury. Defenders of Wildlife, 504 U.S. at 564.

In this case, the Court is satisfied that the Complaint adequately alleges Plaintiff's standing to bring this suit. Although Mr. Lasky alleges that he is a resident of Florida, he claims to be a "frequent user" of the facilities and services provided by the City and County of Camden. He alleges that he has attempted to fully access these facilities and services in the past and intends to return to the City and County of Camden to do so in the future. (Complaint ¶ 5, 7.) Thus, the Complaint alleges past injury to Mr. Lasky caused by the City and County of Camden as well as a real and immediate threat that Mr. Lasky will be injured in the future when he returns to utilize non-compliant facilities and services. Accordingly, the Court concludes that Mr. Lasky has alleged standing to sue.[5]

## IV.   CONCLUSION

Because the Court concludes that the Complaint states a claim and alleges standing, the

---

[5] The City of Camden's brief in support of its motion to dismiss devotes two textual sentences to explicitly making its standing argument. Both sentences focus on the Complaint's deficiencies. Thus, the Court understands the City of Camden to be making only a facial jurisdictional challenge, as opposed to an attack on the existence of subject matter jurisdiction in fact. See Abraxis BioScience, Inc., v. Navinta, LLC, No. 07-1251, 2009 WL 904043, at *2 (D.N.J. Mar. 30, 2009) (explaining the difference). Even if the Court thought the City of Camden intended to bring this second type of standing challenge, the Court would still deny the motion. In a certification filed in conjunction with his opposition to Camden County's motion to dismiss, Mr. Lasky elaborates that he visited Camden on numerous occasions in 2007 and appeared in court in Camden County six times in 2008 and twice in 2009. He indicates that he currently has a number of lawsuits pending in Camden County and will return to prosecute them as necessary. Therefore, assuming Mr. Lasky's architectural allegations are true, the Court is satisfied that he suffers from a real and immediate threat of harm sufficient to confer standing.

Court will deny the City of Camden's motion to dismiss.  The Court will, however, order

Plaintiff to file an amended complaint consistent with this opinion within ten days upon pain of

dismissal.  An appropriate order shall be entered today.


Dated: 1-19-2010                                        /s/ Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge